**Vito RODRIGUEZ, Plaintiff–Appellant,**

v.

**Richard WARD; D. Bissonette, Corr. Officer; T. Nietzel, Corr. Officer; C. Mitchell, Corr. Officer, Defendants–Appellees.**

**No. 03–0310.**

United States Court of Appeals, Second Circuit.

Oct. 22, 2004.

Vito Rodriguez, for Appellant, pro se.

Michael S. Belohlavek, Deputy Solicitor General (Eliot Spitzer, Attorney General of the State of New York; Sachin S. Pand-

* The Honorable Naomi Reice Buchwald of the United States District Court for the Southern

ya, Assistant Solicitor General, on the brief), for Appellees.

PRESENT: OAKES, RAGGI, Circuit Judges and BUCHWALD,* District Judge.

## SUMMARY ORDER

Plaintiff–Appellant Vito Rodriguez, a state prisoner, appeals an award of summary judgment entered October 8, 2003 in favor of Defendants–Appellants on Rodriguez's claims under 42 U.S.C. § 1983 that he was the victim of excessive force and inadequate medical care. This court reviews the award of summary judgment *de novo*. *Pierce ex rel. Pierce v. Sullivan W. Cent. Sch. Dist.*, 379 F.3d 56, 59 (2004). We assume familiarity with the pleadings and the record of proceedings in the district court, particularly the report of Magistrate Judge Katz and the opinion of Judge Casey on defendants' motion for summary judgment. *Rodriguez v. Ward*, No. 00 Civ. 8589(RCC)(THK), 2003 WL 22283810 (S.D.N.Y. Oct. 3, 2003)

1. *Judgment in Favor of Nietzel and Dismissal of the Medical Care Claim*

The district court dismissed, with prejudice, Rodriguez's excessive force claim against Defendant Nietzel and any claim for inadequate medical care in its entirety. Because Rodriguez does not challenge this decision on appeal, we hereby affirm this part of the judgment. *See* Fed. R.App. P. 28(a)(9)(A) (requiring appellant to state reasons for appeal in brief); *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir.1995) (applying earlier version of this requirement, *see* Fed. R.App. P. 28(a)(6), to *pro se* litigant).

District of New York, sitting by designation.

2. *Judgment on Remaining Excessive Force Claims*

a. *The Applicability of Porter v. Nussle*

 Rodriguez submits that the district court erred in dismissing his remaining excessive force claims against Defendants Ward, Bissonette, and Mitchell for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), as construed by the Supreme Court in *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Rodriguez asserts that *Nussle* should not apply to his case, which was filed before the Supreme Court handed down that decision. The law, however, is to the contrary: "When [the Supreme] Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the Supreme Court's] announcement of the rule." *Harper v. Virginia Dep't of Taxation,* 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993). Because the *Nussle* Court applied its rule to the plaintiff before it, *see Porter v. Nussle,* 534 U.S. at 532, 122 S.Ct. 983, the district court correctly concluded that it was obliged to do likewise. We reject Rodriguez's *Nussle*-based challenge to the award of summary judgment as without merit.

b. *The Need for Further Review in Light of Hemphill v. State of New York*

 Since the challenged ruling in this case, this court has decided *Hemphill v. State of New York,* 380 F.3d 680 (2d Cir. 2004), which instructs district courts to conduct a three-part inquiry when a prisoner plaintiff "plausibly seeks to counter defendants' contention" that he has not exhausted administrative remedies as re-

quired by PLRA. *Id.* at 686. First, "the court must ask whether administrative remedies were in fact available to the prisoner." *Id.* (internal quotation marks omitted). Second, the court must determine whether waiver or estoppel precludes defendants from pursuing a non-exhaustion defense. *Id.* Third, if administrative remedies were available to the prisoner and the defendants are not barred from raising an exhaustion challenge, the court must consider whether " 'special circumstances' have been plausibly alleged that justify 'the prisoner's failure to comply with administrative procedural requirements.' " *Id.* (citation omitted). We invited Rodriguez and the defendants to file briefs on *Hemphill'*s effect on this case, but they did not do so. Because the record before us is insufficient to permit us to apply *Hemphill'*s three-part analysis to Rodriguez's case, we vacate the award of summary judgment on the excessive force claims against defendants Ward, Bissonette, and Mitchell, and remand to the district court for further proceedings consistent with this order and the decision in *Hemphill.*

The order of the district court, entered on October 8, 2003, granting defendants' motion for summary judgment, is hereby AFFIRMED in part, VACATED in part, and REMANDED.